DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **LIVE OAK BANKING COMPANY,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**PRINCESS MILL PROPERTIES, LLC., PEYTON**  )<br>**BOSWELL, and STACIA A. BOSWELL a/k/a**  )<br>**STACIA A. JUNG,**  )<br>)<br>**Defendants.**  )<br>_____) | Civil Action No. 2016-0070 |

**Appearances:**

**Johanna Harrington, Esq.,**
Brooksville, FL
    *For Plaintiff*

**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
**Thomas Donnelly, Esq.,**
Doylestown, PA
    *For Defendant Peyton Boswell*

**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Stacia A. Jung*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

    THIS MATTER comes before the Court on the "Motion for Amendment of Court Order and for Extension of Time to File Motion to Amend the Complaint" ("Motion for Amendment

of Court Order" or "Motion"),[1] with attached Declaration by Scott Robbins (Dkt. Nos. 78; 78-1), filed by Plaintiff Live Oak Banking Company ("Plaintiff"). Defendant Peyton Boswell ("Defendant Boswell") filed a Response in Opposition to Plaintiff's Motion. (Dkt. No. 80). Also before the Court is Defendant Boswell's "First Motion for Extension of Time to File [His] Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss." (Dkt. No. 123). Defendant Boswell requests an extension of time of ten (10) days following the entry of this Court's ruling on Plaintiff's Motion for Amendment of Court Order within which to file his Reply. *Id.* Defendant Jung has joined in Defendant Boswell's Motion for Extension of Time. (Dkt. No. 124).

In the instant Motion, Plaintiff requests that the Court alter its Order entered on August 30, 2021, which directed, *inter alia*, that Plaintiff file a Motion to Join or to Substitute the U.S. Small Business Administration ("SBA") as a party Plaintiff pursuant to FED. R. CIV. P. 25(c) within 60 days. (Dkt. No. 66 at 2). This Order was based on Plaintiff's representations in its "Report to the Court" (Dkt. No. 65) that a Bankruptcy Action involving Defendant Princess Mill Properties, LLC had resulted in the sale of that Defendant's real estate and personal property; the Bankruptcy Court had confirmed the sale; Plaintiff had received a distribution

---

[1] Plaintiff's Motion for Extension of Time to File Motion to Amend the Complaint was included as part of the Motion for Amendment of Court Order. (Dkt. No. 78). Plaintiff thereafter filed a Second Motion to File First Amended Complaint (Dkt. No. 84), which was granted by the Magistrate Judge in an Order entered on December 28, 2021 (Dkt. No. 101), and the First Amended Complaint has been filed. (Dkt. No. 102). Accordingly, Plaintiff's request for an extension of time to amend its Complaint is moot.

from the sale from the Bankruptcy Trustee; and a deficiency amount remained pending against the guarantors, Defendant Boswell and Defendant Stacia Boswell a/k/a Stacia A. Jung ("Defendant Jung"). *Id.* at 2-3. Plaintiff further represented that "[i]n accordance with subject loan documents, [it] has resorted to and collected on its SBA guarantee" and that "[t]he SBA is subrogated to the rights of [Plaintiff] against the guarantors." *Id.* at 3. The Court relied on Plaintiff's representations in its Report to the Court to determine that the controlling regulation, 13 C.F.R. § 120.520, had been triggered requiring joinder of the SBA in the case. (Dkt. No. 67 at 20).

In its Motion for Amendment of Court Order, Plaintiff now represents that it erred in requesting the SBA to take over servicing of the loan while litigation was still pending, and that SBA erred in approving the request. (Dkt. No. 78-1 at ¶ 6). Plaintiff further represents that "the SBA has declined assignment of the Loan Documents from [Plaintiff], has declined to undertake loan servicing, and has directed [Plaintiff] to continue prosecution of the instant action in its own name and on its own behalf." (Dkt. No. 78 at 2). Plaintiff therefore requests that the Court amend its Order so as to rescind the requirement that the SBA be joined as a Plaintiff in this action. *Id.* at 2-3. The Court notes that the Motion for Amendment of Court Order does not include any support for the assertions and decisions by Plaintiff and the SBA. Nor is there any legal or other authority provided to support the proposition that the Court's Order requiring the joinder of the SBA in this action is in error.

As a result of the conflicting statements made in Plaintiff's Report to the Court (Dkt. No. 65) and its Motion for Amendment of Court Order (Dkt. No. 78), the Court scheduled a hearing for March 8, 2022, and directed that the parties "be prepared to address the status of the

3

[SBA] as it relates to this action, in light of the conflicting information submitted by Plaintiff." (Dkt. No. 117). However, during the hearing Plaintiff's counsel was unable to answer basic questions that would allow the Court to gain a full understanding of the circumstances surrounding, and the factual bases underlying, the alleged mistakes by Plaintiff and the SBA. Nor was counsel able to provide any legal authority to support the underlying decisions by Plaintiff and the SBA which precipitated the request to rescind the Court's Order.[2] Even more importantly, counsel's oral presentation was devoid of any legal authority undergirding Plaintiff's position that the SBA should not be joined in this action, notwithstanding counsel's acknowledgement that: (1) Plaintiff had in fact received a distribution from the Princess Mills Bankruptcy action *and* had collected on its SBA guarantee; and (2) in the SBA's absence, Defendants may face double exposure—namely, Plaintiff's current action and a possible action by the U.S. Treasury to collect on behalf of the SBA. Beyond labelling the matter as a "case of first impression" because the Plaintiff/SBA "mistake" allegedly has never occurred before, Plaintiff's counsel did not offer any factual or legal analysis that would advance Plaintiff's cause or otherwise show that the Court's Order requiring the joinder of the SBA should be rescinded. Accordingly, Plaintiff's Motion for Amendment of Court Order will be denied.

**UPON CONSIDERATION** of the foregoing and the entire record herein, it is hereby

---

[2] Plaintiff's counsel—who admittedly was not counsel when the Report to the Court and the Motion for Amendment of Court Order were filed—had not been made privy to virtually any of the communications between SBA and her client, or the underlying bases for her client's actions. Counsel's basis for her arguments was grounded solely in the barebones statements contained in the Motion and attached Declaration.

**ORDERED** that Plaintiff's "Motion for Amendment of Court Order" (Dkt. No. 78) is **DENIED**; and it is further

**ORDERED** that Plaintiff's "Motion . . . for Extension of Time to File Motion to Amend the Complaint" (Dkt. No. 78) is **DENIED AS MOOT**;[3] and it is further

**ORDERED** that Plaintiff and/or the U.S. Small Business Administration shall file a Motion For The SBA To Be Substituted As Plaintiff pursuant to FED. R. CIV. P. 25(c) or Plaintiff shall file a Motion To Join The SBA as a party pursuant to FED. R. CIV. P. 19(1) or (2) within 15 days of the date of this Order; and it is further

**ORDERED** that Plaintiff shall promptly **SERVE** a copy of this Order on its contact with the SBA and file a Notice of Compliance of this service requirement; and it is further

**ORDERED** that the Clerk of Court shall **SERVE** a copy of this Order on the United States Attorney for the District of the Virgin Islands, who is directed to forward a copy of this Order to the SBA; and it is further

**ORDERED** that, for good cause shown, the First Motion for Extension of Time to File Defendant Boswell's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Dkt. No. 123), which is joined by Defendant Jung (Dkt. No. 124), is **GRANTED**;[4] and it is further

---

[3] *See supra,* n.1.

[4] The Court notes that Defendant Boswell's Motion for Extension of Time was made orally at the hearing on March 8, 2022, and was granted from the bench.

5

**ORDERED** that Defendant Boswell and Defendant Jung shall have up to and including **March 24, 2022** within which to file their Replies to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss.

**SO ORDERED.**

Date:   March 14, 2022                                                                    _____/s/_____
                                                                                          WILMA A. LEWIS
                                                                                          District Judge