# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

LIVE OAK BANKING COMPANY and U.S. SMALL )
BUSINESS ADMINISTRATION, )
)
       Plaintiffs, )
)
       v. )   Civil Action No. 2016-0070
)
PEYTON BOSWELL and STACIA A. BOSWELL )
a/k/a STACIA A. JUNG, )
)
       Defendants. )
_____)

**Attorneys:**
**Johanna Harrington, Esq.**
Brooksville, FL
    *For Plaintiff Live Oak Banking Company*

**Delia L. Smith, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff U.S. Small Business Administration*

**Pamela L. Colon, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Peyton Boswell*

**Scot F. McChain, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Stacia A. Boswell a/k/a Stacia A. Jung*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants Peyton Boswell ("P. Boswell") and Stacia A. Boswell's a/k/a Stacia A. Jung ("S. Boswell") (collectively, "the Boswells") "Motion to Dismiss First Amended Complaint" ("Motion to Dismiss").[1] (Dkt. No. 114). Plaintiff Live Oak Banking Company ("Live Oak") filed an Opposition thereto (Dkt. No. 118), and the Boswells filed

---

[1] The Court granted Defendant S. Boswell's Motions to join Defendant P. Boswell's Motion to Dismiss and his Reply to Live Oak's Opposition. (Dkt. No. 135).

a Reply (Dkt. No. 126). For the reasons discussed below, the Court will grant the Boswells' Motion to Dismiss, without prejudice.

In his first Motion to Dismiss, Defendant P. Boswell contended that Live Oak's Complaint failed to state a claim in that insufficient facts were pleaded to establish that Live Oak had standing to enforce the Note. (Dkt. No. 24). Defendant P. Boswell argued that Live Oak failed to allege: (1) that it is the current holder of the Note; (2) facts establishing that it was authorized to issue or enforce the Note under Virgin Islands law because it was not licensed to do business in the Territory; and (3) that it complied with conditions precedent to enforcing the Unconditional Guarantee Defendant P. Boswell allegedly signed. *Id.* at 5-13. Boswell also argued that Live Oak had failed to name an indispensable party—the United States Small Business Administration ("SBA")—in the Complaint. *Id.* at 13-14.

On August 30, 2021, the Court denied P. Boswell's Motion to Dismiss.[2] (Dkt. Nos. 66, 67). However, the Court ordered Live Oak to file a motion to join or to substitute the SBA in this action based on Live Oak's representations in its "Report to Court" (Dkt. No. 65)—filed after the Motion to Dismiss—that Live Oak had collected on a bankruptcy proceeding sale involving former defendant Princess Mills Properties, LLC ("Princess Mills"); Live Oak had collected on its guarantee from the SBA; and the SBA was subrogated to the rights of Live Oak against the Boswells. (Dkt. No. 66).

On January 3, 2022, Live Oak then filed a First Amended Complaint ("FAC"). (Dkt. No. 102). In the FAC, Live Oak removed the foreclosure claims against Princess Mills because Live Oak claimed that it no longer had a debt against that entity, and claimed a new amount of

---

[2] Because P. Boswell's arguments in his Motion to Dismiss relied on information from documents outside the Complaint, the Court considered the Motion to Dismiss as a Motion for Summary Judgment. (Dkt. No. 67 at 8-10).

2

indebtedness against the Boswells due to a partial satisfaction of the indebtedness by Princess Mills through the bankruptcy action. Aside from these amendments, the FAC mirrors the original Complaint; does not contain any references to the SBA or the transaction in which Live Oak collected on its guarantee from the SBA; and does not mention the SBA's subrogation to the rights of Live Oak.

Thereafter, the Court held a hearing on March 8, 2022 regarding Live Oak's motion to amend the Court's Order to rescind the requirement that the SBA be joined as a plaintiff. (Dkt. No. 78). In its Motion, Live Oak asserted that it had erred in requesting that the SBA take over the servicing of the loan and that the SBA had erred in approving the request. (Dkt. No. 78-1 at ¶ 6). Live Oak further asserted that the SBA had rejected the assignment of the loan, and had directed Live Oak to continue the instant proceeding under its own name and its own behalf. (Dkt. No. 78 at 2). After the hearing, the Court denied Live Oak's Motion, finding that Live Oak had not provided any factual or legal authority to support its position that the SBA should not be joined in this matter since Live Oak's counsel confirmed that Live Oak had received a distribution from the Princess Mills bankruptcy action and had collected on its SBA guarantee. (Dkt. No. 125 at 3). Further, Live Oak's counsel acknowledged that the Boswells could potentially face double exposure, through the current action and a possible action by the United States Department of the Treasury to collect the guarantee on behalf of the SBA. *Id.* On July 6, 2022, the Court granted Live Oak's request to amend the caption to add the SBA as a co-plaintiff and to remove Princess Mills as a defendant. (Dkt. No. 138).

In the instant Motion to Dismiss, the Boswells seek to dismiss the FAC on the grounds that Plaintiff failed to join the SBA as an indispensable party in compliance with the Court's August 30, 2021 Order. (Dkt. No. 114 at 8-15). Further, the Boswells renew the arguments made by Defendant P. Boswell in his first Motion to Dismiss "out of an abundance of caution and to avoid waiver of the issues …." *Id.* at 15.

3

In its Opposition, Live Oak argues, *inter alia*, that the Boswells' Motion to Dismiss should be denied because the Boswells repeat the arguments made in the first Motion to Dismiss. (Dkt. No. 118). In their Reply, the Boswells maintain that the FAC should be dismissed because Live Oak had not complied with the Court's August 30, 2021 Order to substitute or join the SBA as a party to the action. (Dkt. No. 126). *Id.* at 1-2. Further, the Boswells assert that following substitution, the FAC will need to be amended because "the substitution of the SBA will undoubtedly require further amendment as to claims, damages and the [SBA's] rights and obligations as Plaintiff .…" *Id.* at 2.

With regard to the joinder of the SBA, the Court previously found that the SBA was an indispensable party, and it directed Live Oak to move to add the SBA as a co-plaintiff. (Dkt. No. 66). In determining that the SBA was an indispensable party, the Court relied on Live Oak's representations that "[i]n accordance with subject loan documents, [Live Oak] has resorted to and collected on its SBA guarantee" and that "[t]he SBA is subrogated to the rights of [Live Oak] against the guarantors." (Dkt. No. 65 at 2-3). Based on those representations, the Court determined that the SBA had more than a contingent interest in the Note, such that the SBA was required to become a party to the instant action. (Dkt. No. 67 at 20). Therefore, now that the SBA has been joined as a co-plaintiff, the FAC—which is completely silent with regard to the SBA—must include relevant allegations regarding the SBA's role as a guarantor as it relates to the subject loan in the instant litigation. To this end, in light of the absence of any allegations regarding the SBA, the Court will dismiss the FAC without prejudice and afford Plaintiffs an opportunity to file a Second Amended Complaint containing relevant allegations regarding the SBA as a guarantor.[3]

---

[3] As the Boswells have acknowledged, in its August 30, 2021 Memorandum Opinion, the Court considered—and rejected—the arguments that the Boswells have now renewed "out of an abundance of caution." (Dkt. No. 67 at 8-26). The Court will not address those arguments again.

4

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendants Peyton Boswell and Stacia A. Boswell's a/k/a Stacia A. Jung "Motion to Dismiss First Amended Complaint" (Dkt. No. 114) is **GRANTED;** and it is further

**ORDERED** that the First Amended Complaint (Dkt. No. 102) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs Live Oak Banking Company and United States Small Business Administration shall have up to and including **June 4, 2024** within which to file a Second Amended Complaint that includes the U.S. Small Business Administration as a co-plaintiff and contains relevant allegations regarding the SBA as a guarantor to the subject loan.

**SO ORDERED.**

Date:   May 21, 2024                                       _____/s/_____
                                                           WILMA A. LEWIS
                                                           District Judge